IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

United States of America

  Plaintiff

    v.                                 Criminal No. 08-330 (GAG)

Joel Ramos Santiago

  Defendant

## OPINION AND ORDER

Defendant Ramos-Santiago's *Motion for Reconsideration that he be Sentenced to the Minimum Within the Negotiated [Sentencing Guideline] Range and Request that the Court Particularize its Findings in a Separate Order* (Docket No. 1390) is hereby **DENIED**.

Pursuant to his plea agreement, defendant stipulated with the Government a total offense level of 33 under the U.S. Sentencing Guidelines. The advisory sentencing range therein is that of 135-168 months. Under the terms of his plea agreement, defendant reserved the right to request a minimum of 144 months imprisonment, while the government that to seek the maximum of the guideline range, to wit, 168 months. More so, to this sentence time served in Criminal Case 07-54 (DRD), an arson case whose facts constitute relevant conduct (an overt act) within the instant conspiracy, would be deducted.

At sentencing, the court imposed upon defendant a sentence of 157 months, that is, in the middle of the 144-168 month sentencing range stipulated by the parties. The Court then deducted 37 months for the time served in criminal case 07-54 (DRD). The total sentence, thus, was 120 months.

Defendant contends that the Court sentenced him disproportionately to two of his codefendants, who were also sentenced in the arson case, Ismael Heredia-Ortíz, who received a sentence of 170 months, and Héctor Rivera Febres, who received a sentenced of 110 months, both after a deduction for their arson sentences. Defendant posits that when his sentence is compared to

**CRIMINAL NO. 08-330  (GAG)**                            2

that of Heredia-Ortíz and Rivera-Febres, the court sentenced the other defendants *"in an erratic and non-uniform way"*. He further adduces that the court failed to particularize its findings when sentencing both of his codefendants.

Defendant's proportionality argument is unconvincing to the court. At the outset, defendant simply does not have any standing to question the logic behind defendant Heredia-Ortíz and Rivera-Febres' particular sentences, which were also sentences falling within the parameters of their respective plea agreement stipulated guideline ranges. In addition, the court, in sentencing both codefendants, considered not only the plea agreement and applicable sentencing guidelines, but all the Section 3553(a) sentencing factors as well. This resulted in individual sentences that were sufficient but not greater than necessary under Section 3553(a).

More important, as the Tenth Circuit has appropriately noted:

> Section 3553(a)(6) does not require the sentencing court to compare the sentences of codefendants; rather it looks to uniformity on a national scale. Moreover, a sentencing court is not required to provide a specific discussion of the Section 3553 factors for a sentence falling within a range suggested by the Guidelines. All that is required is that the court provide a general statement noting the appropriate guideline range and how it was calculated.

United States v. Ivory, 532 F. 3d 1095, 1107 (10th Cir. 2008) (citation and internal quotation marks omitted).

Defendant's sentence is uniform when compared on a national scale to those of defendants sentenced within his same stipulated guideline range. Defendant's sentence, however, cannot be compared to those of his codefendants who had different applicable guideline ranges.

In addition, the court at sentencing calculated defendant's sentencing guideline range in conformity with that stipulated in the plea agreement. The court also considered all the information provided in the presented investigation report, as well as defense and prosecutor counsels' arguments. More important, the court carefully weighed all the sentencing factors set forth in Section 3553(a). This included, among other matters, defendant's particular role in the offense, as well as his personal characteristics and family situation. Defense counsel's arguments were indeed

**CRIMINAL NO. 08-330 (GAG)**               3

convincing, given that the court did not sentence defendant at the top of the stipulated range. However, the prosecutor's arguments were likewise convincing, to the effect that a sentence at the lower end of the stipulated range was likewise not warranted. The result was a sentence within the middle range of the stipulated parameters, which the Court determined was sufficient but not greater than necessary under Section 3553(a).[1]

**SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of February, 2010.


                                              *S/Gustavo A. Gelpi*
                                              GUSTAVO A. GELPI
                                              United States District Judge

---

[1] Both at sentencing and in the instant motion defendant pointed out that counsel for codefendant Rivera Febres was attorney Rachel Brill. To the extent this suggests that Rivera Febres received a more favorable sentence for being represented by this particular attorney, such contention is misplaced and has no basis on the record. As the court mentioned early, each defendant received a particularized sentence under Section 3553(a).